# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5565 | **DATE** | 11/23/2001 |
| **CASE TITLE** | TY, INC. vs. PUBLICATIONS INTERNATIONAL, LTD | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (117-1) for attorneys fees and costs is granted. Plaintiff is awarded fees in the amount of $234,335.17. Costs are awarded to plaintiff by agreement in the amount of $14,884.60.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | NOV 26 2001 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 138 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | NOV 26 2001 | |
| | | | date mailed notice | |
| DW | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TY, INC.,

    Plaintiff,

v.

PUBLICATIONS INTERNATIONAL, LTD.,

    Defendant.

No. 99 C 5565
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

"A request for attorney's fees should not result in a second major litigation." *Estate of Borst v. O'Brien*, 979 F.2d 511, 514 (7th Cir.1992) (quoting *Hensley v. Eckerhart*, 103 S.Ct. 1933 (1983)). But in this case it has.

The parties vehemently disagree about the amount of attorneys' fees that defendant must now pay following the grant of summary judgment in Ty's favor on its claim under the Copyright Act. There have been accusations of bad faith from both sides, and disputes about everything from the amount billed for cite-checking to the number of pages in plaintiff's reply brief. The parties have agreed that Ty may recover <u>at least</u> $111,011.34. Ty asks me to award $184,826.85 more than the agreed upon amount for a total of $280,953.59 in fees. At least ten issues with respect to the fee award are still in dispute.

**Time spent on tasks relating to co-defendant Penguin.** There are certain billing entries that make reference to Penguin Books, PIL's co-defendant and the distributor of the infringing publications. It goes without saying that Ty may not recover fees from PIL for time spent negotiating a settlement with another defendant. Having reviewed the records however, I see that

138

many of the entries which reference Penguin also explicitly refer to activities performed in connection with defendant PIL. For example, I would have compensated Ty for some of the hours it billed on 2/10/00, 2/29/00, 3/8/00, 4/3/00, and 4/11/00. This would add up to more than the $1,771.56 that Ty requests.

>    Amount claimed:     $1,771.56
>    Amount awarded:     $1,771.56

**Reduction of summary judgment fees to account for the trademark claim.** Ty brought claims for copyright and trademark infringement. Both claims were extensively briefed; each involved a similar level of complexity and necessitated a similar amount of effort on the part of the lawyers. I granted summary judgment on the copyright claims and awarded fees pursuant to the Copyright Act. I denied summary judgment on the trademark claims. I denied PIL's summary judgment motion in its entirety.

As for Ty's motion for summary judgment, the factors set forth in *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1940-41 (1983) support a limited reduction in fees due to Ty's lack of success on its trademark claims. True, the core facts of the trademark and copyright dispute were the same, but these are distinct legal theories. And while Ty achieved substantial results on the strength of ne claim, perhaps it could have achieved something more if it had prevailed on all claims. *See, e.g., Nintendo of America, Inc. v. Dragon Pacific Int'l.*, 40 F.3d 1007, 1011 (9th Cir. 1994)(Congress created two separate statutory schemes to govern copyrights and trademarks; in order to effectuate the purposes of both statutes, damages may be awarded under both.)
I need not decide how much to reduce the fees incurred on summary judgment since Ty has already agreed to reduce its fees by half.

2

Amount claimed:    $29,806.26
Amount awarded:   $29,806.26

As for PIL's motion for summary judgment, I will halve the claimed amount to account for the trademark claim.

Amount claimed:    $7,970.63
Amount awarded:   $3,985.31

**Discovery solely related to Ty's trademark claim.** I will make a 15% reduction in the fees incurred during discovery to account for the trademark claims. The trademark claims were unsuccessful but "related" claims under *Hensley*. As such, in considering fees for discovery relating to the trademark claims, I must consider the degree of success Ty achieved overall. *See Spellan v. Board of Educ.*, 59 F.3d at 646 (7th Cir. 1995). Ty could have recovered something more had it been uniformly successful – but not much more. It won $1.3 million in PIL's profits and a permanent injunction. Moreover, the vast majority of discovery tasks were necessary to support both the copyright and the trademark claims. Given the common core of facts and Ty's substantial success, the claimed amount is reduced by just 15% to $60,429.92.

Amount claimed:    $71,094.02
Amount awarded:   $60,429.92

**Prejudgment interest/ bill of costs.** The parties ultimately stipulated to the amount of costs and prejudgment interest, but Ty seeks $10,040.01 for the time it spent preparing its bill of costs and a motion for prejudgment interest. Ty says that significant time was spent in determining what interest rate applied, what amounts were subject to interest, when the interest began to run, etc. I have no reason to doubt this. The amount is not unreasonable.

Amount claimed:    $10,040.01
Amount awarded:   $10,040.01

3

**Work in connection with Ty's attorneys' fees request.** Reasonable time and expenses spent preparing a fee petition are compensable. As with a fee application for work performed on the merits of the case, however, a fee award for fee preparation work must be reasonable under the circumstances. Ty requests $34,552.12 for time spent litigating its fee requests. I reduce the claimed amount to $10,000.

I give no credit to PIL's allegations of misconduct respecting the fee petition. And I have no reason to doubt that Ty's attorneys did spend the hours they claim. I suspect, however, that Ty's own billing practice – which involves aggregate billing and a complicated color-coding system – may be, in part, to blame for the number of hours expended. In addition, I note that some time was spent in fee negotiations with PIL over amounts for which Ty should not have asked in the first place (e.g. appeals). Finally, the amount Ty seeks is significantly more than it is asking for all of the time it devoted to both the preliminary injunction and the summary judgment motions. I find it unseemly to award "fees on fees" in an amount that substantially exceeds the time spent on the actual merits of the case. *See Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir. 1988)(reducing claimed fees in connection with preparation of fee petition where "[f]or every hour spent litigating the merits the plaintiff's attorneys devoted almost 15 minutes to preparing a petition requesting fees for that hour"; characterizing the situation as "the tail wagging the dog, with a vengeance."). The amount claimed is reduced to $10,000.

    Amount claimed:    $34,553.12
    Amount awarded:    $10,000.00

**Time Entries that Relate to Parties' Attempts to Obtain Rule 54(b) Final Judgment.** Ty wishes to be compensated $7,839.64 in connection with its attempt to obtain a Rule 54(b)

4

order of final judgment. I find this excessive. Ty filed a motion for final judgment and a motion to amend the final judgment to include injunctive relief. Both were brief simple motions to formalize a judgment that had already been rendered. They need only have been one or two pages, and neither necessitated any legal research. In addition, the time spent could have been minimized by coordination between the parties. The amount claimed is reduced by half.

    Amount claimed:    $7,839.64
    Amount awarded:    $3,919.82

**Time spent by attorneys on cite checking.** I award Ty its fees for 16.5 hours of cite checking and related activities. The entries discussing cite checking also describe other tasks, such as reviewing cases cited by PIL.

    Amount claimed:    $2,746.41
    Amount awarded:    $2,746.41

PIL offers no reason for its objection to the $4,162 claimed for work related to **PIL's Motion to Strike Ty's Motion for Preliminary Injunction** or the $26,268.30 claimed for **work related to the hearing on the damages.** I award these fees.

    Amount claimed:    $30,430.03
    Amount awarded:    $30,430.03

Finally, Ty claims $18,381.66 in **miscellaneous fees**. I will not award the miscellaneous fees. PIL makes a general objection that I think has some merit, and that is that Ty's practice of "block billing" makes it very difficult for PIL (and the court) to assess the reasonableness of Ty's fees. This is particularly true for the miscellaneous fees. Ty has not provided me with a list of its miscellaneous tasks. One would have to wade through pages of billing records and perform hours of arithmetic coupled with substantial guesswork to understand how Ty arrived at its

$18,381.66 figure. Moreover, it is not clear to me why some of the miscellaneous tasks do not fall within other substantive categories.

    Amount claimed:    $18,381.66
    Amount awarded:    $0

I find that none of PIL's other more general objections have any merit.

PIL will pay Ty **$234,335.17** in attorneys' fees. Pursuant to the parties' agreement, I also award Ty $14,884.60 in costs.

ENTER:

*James B. Zagel*
United States District Judge

DATE: NOV 23 2001