Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 5565 | DATE | 6/5/2003 |
| CASE TITLE | TY, INC. vs. PUBLICATIONS INTERNATIONAL | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter order setting forth the remaining issues on remand.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | date docketed |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | date mailed notice |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 115

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TY, INC.,

    Plaintiff,

v.

PUBLICATIONS INTERNATIONAL, LTD.,

    Defendant.

No. 99 C 5565
Judge James B. Zagel

DOCKETED
JUN 0 6 2003

## MEMORANDUM OPINION AND ORDER

This is a copyright and trademark infringement suit brought by Ty, Inc. ("Ty") against Publications International, Ltd. ("PIL"), in connection with PIL's publication and sale of books featuring Ty's Beanie Babies plush toys. On August 25, 1999, Ty filed its complaint which stated a jury demand "of all counts and claims triable by a jury." Subsequently, Ty filed a preliminary injunction motion, which I granted. PIL then moved for an evidentiary hearing on Ty's motion for a preliminary injunction, which I also granted. In that order, I gave the parties a choice between an evidentiary hearing on Ty's motion for preliminary injunction or an expedited and consolidated hearing on a final injunction pursuant to Federal Rule of Civil Procedure 65(a)(2). At a status hearing on March 7, 2000, the parties informed me that they had "agreed to go ahead with the expedited hearing on the final injunction." They also requested an expedited eight-week discovery period and a hearing date sometime during the month of May 2000. In addition, Ty expressly reserved its right to a jury trial on damages, but PIL, although consenting to the expedited discovery and hearing, made no statement regarding its waiver of a jury trial.

Following the status hearing, I entered a minute order on March 13, 2000 setting a discovery cutoff date of May 2, 2000. After discovery closed, but before a final hearing on the merits was held, Ty moved for summary judgment in connection with its copyright and trademark related claims, which I granted as to copyright claims but denied as to the trademark claims. Ty then moved for summary judgment for monetary relief as to its copyright claim, which I granted and subsequently entered final judgment on the claim under Federal Rule of Civil Procedure 54(b).

PIL appealed both summary judgment rulings, and the Seventh Circuit reversed. *Ty, Inc. v. Publications Int'l, Ltd.*, 292 F.3d 512 (7th Cir. 2002), *cert. den.*, 123 S.Ct. 892 (2003). It its opinion, the court noted that the "only question is whether PIL is entitled to a trial on its defense of fair use." *Id.* at 516. The case was reversed and remanded because, according to the Court, "[t]he proper characterization of PIL's Beanie Baby book is the kind of fact-laden issue appropriate for summary judgment only in extreme cases, which this case is not – in part because of differences among the books the district court found infringed Ty's copyright." *Id.* at 519. Rehearing and rehearing *en banc* were denied by the Court on July 11, 2002, and Ty's Petition for Certiorari before the U.S. Supreme Court was denied on January 13, 2003. *Ty, Inc. v. Publications Int'l, Ltd.*, 123 S.Ct. 892 (2003).

On remand, PIL has indicated that it intends to pursue, as a defense to Ty's copyright and trademark infringement claims, that Ty has misused its copyrights. In that regard, PIL has recently named as potential witnesses fourteen individuals, including two attorneys for Ty. Along with putting forth this defense and in order to develop it, PIL has requested additional discovery on both damages and merits. Finally, PIL claims that it has not waived its right to a

jury trial by agreeing to a Rule 65(a)(2) hearing. Ty has an opposite position on all of these issues. In response to this dispute, I have given both parties an opportunity to brief the issues remaining on remand – an opportunity to which both parties have certainly availed themselves. I now set forth the remaining issues on remand.

PIL's Right to a Jury Trial

Once a valid jury demand has been made, it may not be withdrawn without the consent of both parties. *Cram v. Sun Ins. Office, Ltd.*, 375 F.2d 670, 675 (4th Cir. 1967); *Thomson v. Jones*, 102 F.R.D. 619, 621-22 (N.D. Ill. 1984). Federal Rule of Civil Procedure 39(a) specifies the limited conditions under which such consent can be given: (1) a written stipulation, or (2) an oral stipulation made in open court on the record. According to Ty, both parties have waived their right to a jury on liability, but Ty has reserved its right to a jury trial on damages. PIL argues that it has not waived its right to a jury at all.

The first alleged basis for PIL's waiver is the March 7, 2000 status hearing at which both parties agreed to an expedited hearing and discovery schedule. After reviewing the transcript of the hearing, it is clear that Ty waived its right to a jury on all issues except damages, but it is far from clear that PIL also waived its right. First, PIL did not expressly do so. Wayne Giampietro, PIL's counsel during the hearing, never uttered the words "jury" or "bench trial." Second, the statements by Laura Haynie, Ty's counsel, cannot be construed as a waiver by PIL. Her discussion of the jury issue began with the plural "we," but she immediately and correctly switched to discuss *Ty's* desire to clarify that it was not waiving its right to a jury on damages. This statement cannot be read as an oral stipulation by PIL waiving its right.

Ty may very well be correct when it states that "there would have been no need to reserve the right to a jury trial on the issue of damages unless it was understood that the trial on the issue of liability was to be a bench trial," but Ty's reservation of its right merely reflects its understanding that the trial on liability was to be a bench trial, not PIL's understanding. Ty is in no position to state PIL's understanding on the basis of its own statement in open court. Nor can Mr. Giampietro's later comment ("I think that makes sense, your Honor") with respect to the scheduling issue be construed as an oral waiver, even though the Seventh Circuit "has not required strict compliance with Rules 38 and 39 to effect a waiver of a jury demand." *Middle Tennessee News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1083 (7th Cir. 2001) (citation omitted). Even under the less formal standard, Mr. Giampietro's comments cannot be construed as complying with Rule 39's jury waiver provisions. In fact, the best source for Mr. Giampietro's understanding of the implications of his agreement to an expedited hearing comes from his own affidavit in which he states that it "was always my intention and understanding that Publication International would be entitled to a jury on all issues, including liability and damages" and that "[n]o comment I ever made in open court or to Ty's attorneys is to the contrary." I have no reason to doubt his honesty.

A second alleged basis for PIL's waiver of its right to a jury is its simple agreement to a Rule 65(a)(2) proceeding, but this agreement says nothing about whether that proceeding would be by bench or jury. Rule 65(a)(2) expressly provides that it "shall be so construed and applied as to save to the parties any rights they may have to trial by jury." Silence on the jury issue in the context of agreeing to a Rule 65(a)(2) proceeding hardly comports with the rule's admonition to preserve a right to a jury. Moreover, it is well established that mere agreement to consolidate an

4

injunction hearing with a hearing on the merits cannot constitute waiver of a party's right to a jury. *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir. 1980); *Heyman v. Kline*, 456 F.2d 123, 130 (2d Cir. 1972).

Finally, in light of recent contrary uses of the word "hearing" to connote proceedings before a jury, I am not persuaded by Ty's argument that the use of the word "hearing" carried the clear connotation that the expedited hearing was going to be a bench proceeding. *See Penry v. Johnson*, 532 U.S. 782 (2001); *Jones v. United States*, 527 U.S. 373 (1999); *Mahaffey v. Schomig*, 294 F.3d 907, 910 (7th Cir. 2002), *cert. den.*, 123 S.Ct. 890 (2003); *Bracy v. Schomig*, 286 F.3d 406, 408 (7th Cir.), *cert. den.*, 123 S.Ct. 169 (2002). Moreover, Rule 65(a)(2) hearings themselves, including those on liability, may proceed with a jury. *E.g., Conner v. Jeffes*, 67 F.R.D. 86, 88-89 (M.D. Pa. 1975). In the end, it is ambiguous at best whether PIL intended to waive its right to a jury. In light of this ambiguity, I will not hold that it has waived this right "of such importance." *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935).[1]

PIL's Misuse Defense

A second disputed issue is whether PIL is precluded from raising its misuse defense because the scope of the remand from the Seventh Circuit is limited to its fair use defense. PIL seeks to put forth the defense against both the copyright and trademark infringement claims.[2]

---

[1] Having found that PIL has not waived its right, I do not address PIL's attempted withdrawal of its consent to Rule 65(a)(2) consolidation. Should PIL wish to persist in this withdrawal, it should raise the issue at the next status hearing.

[2] In the case of trademark rights, PIL alleges that Ty has used unfounded claims of trademark rights in the word "Beanies" to similarly impose unlawful conditions, including but not limited to requiring licensees to publish articles ghost-written or edited by its lawyers, falsely

5

Before addressing whether this defense is appropriately raised on remand, there are few preliminary matters. First, Ty claims that I denied PIL's request to brief this issue at the February 11, 2003 status hearing. Although I did decide that PIL had waived the defense and stated that I was "adhering to that view," I did permit the parties to "send me whatever you want to send me" and "whatever proffer you wish," essentially granting PIL leave to address the issue of whether it had waived the defense. In light of the parties' extensive briefing on this issue and in light of this issue's importance to the case, I deem it only fair to give these briefs full consideration with an open mind, which I have done.[3] Another preliminary matter is Ty's argument that PIL cannot raise a misuse defense because it failed to plead it prior to the remand (*i.e.*, in its Answer). However, the defense is arguably, although not artfully, set forth in ¶ 60 of PIL's Answer, which involves PIL's allegation that Ty has misused its intellectual property by using threats and

---

claim that Ty owns trademark rights in the word "Beanies," despite Ty being aware that there are senior users of the term "Beanies" and that the term has long been used generically by the public. Ty also allegedly used its lawyers to take extraordinarily aggressive steps against individuals using the generic "Beanie" term. In the case of copyright claims, PIL alleges that Ty has used baseless or exaggerated claims of infringement of its copyright by third-parties who take photographs of its plush toys for use in books, magazines, and websites devoted to bean bag toys. Ty then uses threats and litigation based on these claims to extract licensing agreements containing provisions that (1) grant Ty full editorial control over the content of the licensed products, while (2) forcing the license to mislead the public about its connections with Ty. In addition to granting Ty general rights of approval over all content, some licenses give it the specific rights to bar publications of any commentary that Ty believes to be negative and to bar Internet linking to websites that contain unflattering information about Ty. Ty has allegedly used its lawyers as a means through which these suppressions of independent criticism are imposed.

[3] Essentially, therefore, I address the briefs before me as a motion for reconsideration of this issue and, contrary to Ty's request, will not strike Part II of PIL's Supplemental Brief nor treat it solely as an offer of proof.

litigation to force individuals and companies to suppress information that is unfavorable or unflattering to Ty, thereby unlawfully extending the scope of its intellectual property rights.[4]

Having established that PIL has adequately pleaded its misuse defense and that it has leave to argue for its reinstatement on remand, I now turn to whether the Seventh Circuit limited the claim on remand to the issue of fair use. Determining the scope of a reviewing court's mandate requires an examination of the appellate court's entire opinion. *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("the scope of the remand is not determined by formula, but by inference from the opinion as a whole"); *see also Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1483 (Fed. Cir. 1998) ("the nature of the district court's remaining tasks is discerned not simply from the language of the judgment, but from the judgment in combination with the accompanying opinion"). Pursuant to 28 U.S.C. § 2106, the Seventh Circuit has the option of issuing either general or limited remands to the district courts. *See United States v. Young*, 66 F.3d 830, 836 (7th Cir. 1995); *United States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995). The determination of whether a remand is limited or general cannot be reduced to a formula. The opinion must indicate either some explicit or implicit intent on the part of the circuit court to limit the scope of the proceedings on remand. That intent is often shown by an express statement limiting the scope of remand. In other instances, the intent to limit the scope

---

[4] Paragraph 60 states:

> As Plaintiff alleged in its Complaint, it has licensed others who are in competition with this Defendant to publish and/or distribute books similar to those upon which this Complaint is based. This suit is an attempt by Plaintiff to control the distribution and dissemination of information regarding its products and constitutes unfair competition and an improper attempt to create a monopoly by Plaintiff so as to bar it from obtaining relief at law or in equity.

7

of remand may be implied from the entirety of the circuit court opinion, for example, where the appellate court denies most of the appellant's claims of error, finds error in any part of the order, and remands "for further proceedings consistent with [the appellate] opinion." *See e.g., Parker*, 101 F.3d at 528. In addressing whether the remand at issue here is limited or general, the following two sentences from *Parker* are particularly helpful:

> If the opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error. A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand did not affect it.

*Id.*

Contrary to PIL's assertion that there is no indication, whether express or implied, in the Seventh Circuit's opinion that it intended to limit the scope of remand, its opinion identifies my treatment of fair use as the "discrete, particular error."[5] *Id.* The Court noted that the "only question is whether PIL is entitled to a trial on its defense of fair use." *Ty, Inc.*, 292 F.3d at 516. The Court then devoted the balance of its opinion to a discussion of the fair use defense, and concluded that issues of fact on fair use precluded summary judgment as to some of PIL's guidebooks. The import of the Seventh Circuit's statement is obvious: the only question was whether PIL was entitled to a trial on its copyright defense of fair use, and this is the "only

---

[5] Along with this error, the Seventh Circuit noted "[f]or guidance on remand" that I "erred in refusing to apportion PIL's profits between those attributable to the photos and those attributable to the text." *Ty, Inc.*, 292 F.3d at 524. The fact that I made at least two errors does not take away from my finding that the court's remand as to copyright infringement was limited, rather than general. At best, this statement suggests that the remand as to copyright infringement is two-pronged, involving both fair use and, if necessary, damages.

8

question" for remand in connection with Ty's copyright claim. Therefore, based on *Parker*'s analysis, the opinion appears to be a limited remand.

Bolstering this conclusion is the fact that misuse is a defense that PIL "could just as well have raised in the first appeal" in opposition to my granting of summary judgment on the issue of copyright infringement. *Parker*, 101 F.3d at 528. In that decision, I held that "[a]s to the defenses of first sale, unfair competition, and monopoly, PIL has waived them by failing to argue them." *Ty, Inc. v. Publications Int'l. Ltd.*, No. 99 C 5565, 2000 WL 1499449, at *9 (N.D. Ill. Oct. 6, 2000), *rev'd*, 292 F.3d 512 (7th Cir. 2002). The defenses of "unfair competition" and "monopoly" are the exact words PIL used in ¶ 60 of its Answer, the paragraph in which it pleaded misuse. Accordingly, PIL waived the defense when it opposed Ty's summary judgment motion. PIL could have raised the defense on appeal, but it again chose not to. In light of the fact that it did not raise the issue in the first appeal, PIL should not be able to "use the accident of a remand" to raise it now. *Parker*, 101 F.3d at 528. Therefore, the copyright misuse defense is precluded by the Seventh Circuit's limited remand.

Arguing that the remand is general, PIL points to the Court's use of the phrase "if it [Ty] proves infringement on remand" as somehow suggesting that Ty must prove its entire infringement case on remand. *Ty, Inc.*, 292 F.3d at 524. There is no merit to this argument because the use of that phrase is entirely consistent with a remand limited to fair use. In other words, Ty cannot prove infringement if the defense succeeds but can prove infringement if the defense fails. More importantly, however, PIL's argument is too much of a play on words and deserves very little weight in light of more pertinent opinion passages.

9

In closing my remarks on this issue, I must draw a distinction between the misuse defense against Ty's copyright infringement claims and against its trademark infringement claims. As discussed above, PIL's misuse defense was not limited to copyright misuse, but instead was broadly phrased to include trademark misuse as well. And although PIL waived the defense as it pertained to copyright infringement by not raising it in opposition to Ty's motion for summary judgment, it did not do so as it pertained to trademark infringement. This was because a discussion of PIL's defenses to trademark infringement was unnecessary in light of Ty's failure to demonstrate likelihood of confusion, a requirement for trademark infringement. Accordingly, because I denied Ty's motion for summary judgment on trademark infringement, PIL has not waived its trademark misuse defense. Likewise, Ty's trademark claims were not before the Seventh Circuit and therefore even a limited remand could not preclude consideration of PIL's trademark misuse defense. PIL is therefore entitled to raise the defense at trial in respect to trademark infringement. I reject Ty's arguments that PIL lacks standing to raise this defense, that similar claims concerning Ty's "Beanie" trademark have already been rejected by the courts, or that PIL's allegations of trademark misuse are baseless. Such arguments are entirely irrelevant to the scope of remand. If Ty wishes to argue that PIL's pleading of its misuse defense is legally or factually inadequate, the proper forum is a motion for judgment on the pleadings or partial summary judgment motion, neither of which have been made directed towards PIL's trademark misuse defense.

Additional Discovery

Although PIL is entitled to pursue its trademark misuse defense, whether it is entitled to additional discovery to pursue this defense is a different matter. According to PIL, damages

discovery has not been concluded and more time is now needed to "wrap up" damages discovery. In addition, PIL claims that additional merits discovery is needed in light of the Seventh Circuit's discussion of fair use and in light of the alleged "relatively late production" of key documents relating to Ty's misuse conduct. According to Ty, discovery is closed, although the parties may supplement relevant discovery responses with documents and information that has become available since the close of discovery as contemplated by the Federal Rules of Civil Procedure.

Regarding the first issue as to whether damages discovery is still open, PIL claims that its understanding was that the discovery schedule agreed to at the March 7, 2000 status hearing was limited to merits discovery. However, a review of the transcript of the status hearing shows no such limitation. Ty's only reference to damages was its reservation of its right to a jury trial on damages. No reference was made to discovery. In addition, it is clear that, during discovery, the parties exchanged interrogatories and document requests concerning liability *and damages*. Furthermore, some depositions were taken of witnesses who testified concerning damages. However, perhaps the most telling evidence that discovery included damages is the fact that when Ty moved for summary judgment on the issue of damages, PIL never objected on the ground that it needed additional discovery. If PIL believed that damages discovery was still open and that it needed more discovery on the issue of damages before it could respond to Ty's motion, it surely would have said as much at that time. Finally, contrary to PIL's assertion that Ty conceded its Motion for Summary Judgment on Liability that discovery was still open, Ty actually noted that although "[d]iscovery in this matter is now closed," it reserved the right to depose counsel for PIL and PIL's expert witness in the event of certain contingencies. This statement is not a general acknowledgment that discovery was left open. Accordingly, in my June 6, 2001 Order granting summary judgment in connection with Ty's claim for monetary

11

relief, I noted that all discovery was closed in this case and thus precluded PIL from entering expert testimony on damages.

Therefore, the expedited eight-week discovery period included damages, and discovery is closed as to both the merits and damages, with one limited exception. In its opinion, the Seventh Circuit noted that I "erred in refusing to apportion PIL's profits between those attributable to the photos and those attributable to the text." *Ty, Inc.*, 292 F.3d at 524. PIL suggests that the jury should have the benefit of expert testimony on this subject, and I agree. The parties are instructed to contact my minute clerk to set a brief discovery schedule addressing this one damages item.

Regarding the request for additional merits discovery, PIL has requested new discovery in light of the Seventh Circuit's discussion of fair use and follow-up discovery on Ty's misuse conduct. Ty's position is that this discovery could have been conducted before the close of discovery but was not. As a general rule, "the decision whether to grant a motion to reopen discovery rests within the sound discretion of the Court." *Minniecheske v. Vocke*, 918 F.2d 180, at *3 (7th Cir. Oct. 19, 1990). Where a party can offer no reasonable explanation for its failure to take discovery, a request to reopen discovery should be denied. *See Minniecheske*, 918 F.2d 180, at *3 (affirming denial of plaintiffs' motion to reopen discovery where plaintiffs could offer no reasonable explanation for the failure to take discovery during a 90-day court-ordered discovery period); *see also Great-West Life & Annuity Ins. Co. v. Weisz Michling Hofman*, No. 01 C 2470, 2002 WL 1067707 (N.D. Ill. March 25, 2002) (denying motion to reopen discovery because, *inter alia*, "defendants did not see fit to depose Murrell before the end of discovery, so they are not entitled to depose her now.").

Let me first address the request for follow-up discovery on Ty's misuse conduct. PIL's basis for this request is the alleged "relatively late production" of key documents relating to misuse. In light of this proffered justification, a little history is helpful. At a status hearing on March 7, 2000, the parties requested an expedited eight-week discovery period. Following the status hearing, I entered an order setting a discovery cutoff date of May 2, 2000, eight weeks after March 7. Five weeks later, on April 11, 2000, Ty produced a series of documents that PIL alleges shows its exercise of control over licensees' commentary and criticism, the basis for PIL's current request for additional merits discovery. According to PIL, these documents were produced "shortly before the merits discovery cutoff," but the truth of the matter is that they were produced five weeks into an expedited eight-week discovery period. Three weeks or roughly 37.5% of the discovery period remained. Therefore, the production of these documents on April 11 was not a "relatively late production" in the context of an *expedited* discovery schedule. However, even if I were to somehow conclude that these documents *were* produced late, another problem damns PIL's request. Regardless of how late the documents were produced, PIL did not request a discovery extension on that basis and made no request to reopen discovery during the nearly two months between the close of discovery and the filing of Ty's summary judgment motion.

The fact of the matter is that PIL chose not to explore these issues when discovery was open. It is inexplicable why PIL did not take whatever discovery it needed in this regard when it had the chance.[6] Any alleged shortcoming is the result of its own calculated decision not to

---

[6] That is to say, accepting the premise that PIL intended to vigorously put forth the misuse defense from the beginning, it is inexplicable why it did not take whatever discovery it needed to do so. However, I can infer – and I do infer – that in all likelihood, counsel for PIL made a strategic decision, just as any lawyer makes strategic decisions, to explore other issues at

13

pursue the defense in discovery. Because it has offered no explanation, let alone a reasonable one, as to why it did not pursue discovery then, it should not be permitted to reopen discovery now, although the parties may supplement relevant discovery responses with documents and information that has become available since the close of discovery as contemplated by the Federal Rules of Civil Procedure.

PIL also requests additional discovery in light of the Seventh Circuit's discussion of fair use. Specifically, PIL requests that the parties be allowed to identify and conduct discovery upon experts competent to opine on the necessity or impact on marketability of various features, including photographs, in collectors' guides and magazines. However, the same reasons for not reopening discovery on misuse apply here, namely that PIL has offered no explanation, let alone a reasonable one, as to why it did not pursue this discovery when discovery was pending. PIL knew from the submission of its Answer that it was offering a fair use defense and therefore should have conducted all necessary discovery to support this defense within the eight-week discovery period. There was no alleged "relatively late production" of key documents here. Accordingly, I will not reopen merits discovery, although the parties may supplement relevant discovery responses with documents and information that has become available since the close of discovery.

---

the expense of leaving the misuse defense undeveloped. I suspect that the value of the defense may not have been fully apparent to PIL until Judge Posner hinted that a misleading statement in Ty's standard copyright licenses "might constitute copyright misuse, endangering Ty's copyrights." *Ty, Inc.*, 292 F.3d at 520. Alternatively, it may well have been that PIL intended to raise this defense, as it now asserts, but that it did not need discovery in order to do so. In any event, PIL has made their bed, and Ty is entitled to have them lie in it.

14

Additional Witnesses

On February 5, 2003, pursuant to the parties' continuing obligation to supplement discovery responses, PIL served on Ty its Supplemental Responses to Plaintiff's First Set of Interrogatories. PIL's responses supplemented answers to Ty's Interrogatories 8 and 9, which requested the identity of persons with knowledge of facts relevant to PIL's defenses, and persons who may be called to testify at trial. These responses identify fourteen new individuals, including James P. White and Laurie Haynie, Ty's counsel, as having information relevant to PIL's misuse defense and, as such, individuals PIL expects to call at trial as witnesses. Not surprisingly, Ty objects on the ground that PIL is not entitled to list new witnesses that were not identified before the close of discovery and that do not fall within the limited exception for information that has become available since the close of discovery.

Once again, the decision whether to strike the supplemental responses identifying fourteen new witnesses rests within my discretion. *Minniecheske*, 918 F.2d 180, at *3. Here, PIL's proffered justification for supplementing its witness list at this late stage is the alleged "relatively late production" of key documents relating to Ty's misuse, the same justification offered above for additional merits discovery. Although parties may supplement relevant discovery responses with documents and information that has become available since the close of discovery, it has been clearly established, as discussed above, that PIL had access to the documents from which it derived these fourteen proposed witnesses for three weeks prior to the close of discovery. However, PIL did not name these additional witnesses before the May 2, 2000 cutoff. Furthermore, PIL made no attempt to supplement their responses by naming these witnesses during the two months between the close of discovery and the filing of Ty's summary judgment motion. As with its request for additional merits discovery, PIL chose not to name

15

these fourteen witnesses when discovery was open or shortly thereafter. Because PIL has offered no explanation, let alone a reasonable one, as to why it did not do so, I am striking the fourteen new witnesses from its responses.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 5 June 2003