# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5565 | **DATE** | 2/9/2004 |
| **CASE TITLE** | TY, INC. V. PUBLICATIONS INTERNATIONAL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (181-1, 182-1, and 182-2) to strike and for reconsideration is denied. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 17 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 189 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TY, INC., | |
| Plaintiff, | |
| v. | No. 99 C 5565 |
| | Judge James B. Zagel |
| PUBLICATIONS INTERNATIONAL, LTD., | |
| Defendant. | DOCKETED<br>FEB 1 7 2004 |

## MEMORANDUM OPINION AND ORDER

This is a copyright and trademark infringement suit brought by Ty, Inc. ("Ty") against Publications International, Ltd. ("PIL"), in connection with PIL's publication and sale of books featuring Ty's Beanie Babies plush toys. Before me are PIL's Motion for Reconsideration, or, in the Alternative, to Strike and its Motion to Strike Plaintiff's Motion for Leave to Take Discovery Against Counsel for PIL.

Motion for Reconsideration

On October 22, 1999, Ty served its first discovery requests on PIL, including Interrogatory 8: "Identify each person, including but not limited to expert witnesses, having knowledge of discoverable matters who may be called by you to testify as a witness at trial, and for each such person . . . please state what you anticipate to be the substance of said person's testimony at trial." Ty also served Interrogatory No. 9 in which it asked PIL to "[s]pecify the facts and witnesses with knowledge of the facts supporting the affirmative defense to the Complaint in this action." In response to both interrogatories, PIL named six individuals.



At the request of both parties, an expedited eight-week discovery period was scheduled with a cutoff date of May 2, 2000. Neither party requested a discovery extension, and discovery did indeed close on May 2. Two months thereafter, Ty moved for summary judgment in connection with its copyright and trademark related claims, which I granted as to the copyright claims but denied as to the trademark claims. Ty then moved for summary judgment for monetary relief as to its copyright claim, which I granted and subsequently entered final judgment on the claim under Federal Rule of Civil Procedure 54(b).

PIL appealed both summary judgment rulings, and the Seventh Circuit reversed. *Ty, Inc. v. Publications Int'l, Ltd.*, 292 F.3d 512 (7th Cir. 2002), *cert. den.*, 537 U.S. 1110 (2003). Rehearing and rehearing *en banc* were denied by the Court on July 11, 2002, and Ty's Petition for Certiorari before the U.S. Supreme Court was denied on January 13, 2003. *Ty, Inc. v. Publications Int'l, Ltd.*, 537 U.S. 1110 (2003). On February 3, 2003, PIL served supplemental interrogatory responses, identifying 14 new persons with information relevant to PIL's defenses and who may be called upon at trial, none of which were included in its responses to Interrogatories No. 8 and 9 while discovery was open.[1] On June 5, 2003, I struck the 14 additional witnesses from PIL's supplementary interrogatory responses – and its ability to call these witnesses at trial – on the ground that PIL had failed to supplement its interrogatory response as required by Rule 26 and that Rule 37 sanctions were therefore justified. *Ty, Inc. v. Publications Int'l, Ltd.*, No. 99 C 5565, 2003 WL 21294667, at *7 (N.D. Ill. June 4, 2003). PIL now moves for reconsideration of that decision.

---

[1] The supplemental response itself named 15 additional trial witnesses, but one of them, Scott Rogers, was identified and deposed during discovery, so Ty has no objection to PIL's naming him as a potential trial witness.

PIL first argues that it should be permitted to amend its witness list because a party is not required to identify trial witnesses until the pretrial conference. *See Hottenstein v. Burlington N. R.R. Co.*, No. 96 C 8616, 1998 WL 378429 (N.D. Ill. July 1, 1998) (denying motion to preclude witnesses disclosed after close of discovery because "a party is not required to identify trial witnesses until the pretrial order."); *Kedzior v. Talman Home Fed. Sav. & Loan Ass'n of Illinois*, No. 89 C 4188, 1990 WL 70855, at *7 (N.D. Ill. May 10, 1990) ("the better and more widely adopted rule is that it is inappropriate to expect counsel to provide this information until the pretrial conference."). While this is so, the problem with PIL's amendments is that the individuals it seeks to add were never identified during discovery as persons having relevant knowledge to the issues in this case, despite Ty's interrogatories seeking this information. Federal Rule of Civil Procedure 26 requires a party to provide other parties with "the names and, if known, the addresses and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . , identifying the subjects of the information." Fed.R.Civ.P. 26(a)(1)(A). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1). The purpose of supplementary discovery "is to prevent trial by ambush." *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, No. 95 C 0673, 1996 WL 680243, at *8 (N.D. Ill. Nov 21, 1996). "If a party is allowed to withhold the supplementation of its discovery responses until after fact discovery is closed, the purpose of [Rule 26] is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the

3

supplemental responses." *Id.* Therefore, it is not PIL's belated identification of trial witnesses, but rather its belated identification of people with knowledge relevant to the issues in this case, in violation of Rule 26, to which Ty objects.

PIL further argues that even if it did violate Rule 26, I failed to engage in the requisite analysis in determining to impose exclusion under Rule 37. The rule provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). "The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery." *Weiland v. Linear Constr., Ltd.*, No. 00 C 6172, 2002 WL 31307622, at *2 (N.D. Ill. Oct 15, 2002). The Seventh Circuit has stated that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). However, the Court has also stated that "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996); *see also Salgado*, 150 F.3d at 739. "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). However, "the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice;

4

(3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* at 857.

In connection with my earlier ruling, I found that PIL's failure to supplement its interrogatory response as required by Rule 26 was unjustified:

> PIL's proffered justification for supplementing its witness list at this late stage is the alleged "relatively late production" of key documents relating to Ty's misuse, the same justification offered above for additional merits discovery. Although parties may supplement relevant discovery responses with documents and information that has become available since the close of discovery, it has been clearly established, as discussed above, that PIL had access to the documents from which it derived these fourteen proposed witnesses for three weeks prior to the close of discovery. However, PIL did not name these additional witnesses before the May 2, 2000 cutoff. Furthermore, PIL made no attempt to supplement their responses by naming these witnesses during the two months between the close of discovery and the filing of Ty's summary judgment motion. As with its request for additional merits discovery, PIL chose not to name these fourteen witnesses when discovery was open or shortly thereafter. Because PIL has offered no explanation, let alone a reasonable one, as to why it did not do so, I am striking the fourteen new witnesses from its responses.

*Ty, Inc.*, 2003 WL 21294667, at *7. I explained PIL's failure to take discovery as follows:

> The fact of the matter is that PIL chose not to explore these issues when discovery was open. It is inexplicable why PIL did not take whatever discovery it needed in this regard when it had the chance. Any alleged shortcoming is the result of its own calculated decision not to pursue the defense in discovery. . . . I can infer – and I do infer – that in all likelihood, counsel for PIL made a strategic decision, just as any lawyer makes strategic decisions, to explore other issues at the expense of leaving the misuse defense undeveloped. I suspect that the value of the defense may not have been fully apparent to PIL until Judge Posner hinted that a misleading statement in Ty's standard copyright licenses "might constitute copyright misuse, endangering Ty's copyrights." *Ty, Inc.*, 292 F.3d at 520. Alternatively, it may well have been that PIL intended to raise this defense, as it now asserts, but that it did not need discovery in order to do so. In any event, PIL has made their bed, and Ty is entitled to have them lie in it.

*Id.* at 7, 7 n. 6. Accordingly, I rejected PIL's claim that its late disclosure was justified because of Ty's allegedly late production of the documents. The best explanation for PIL's failure comes

5

from its own brief:

> In a perfect world PIL would have been able to review the documents, develop a strategy, identify the witnesses and amend the answers within the three weeks left in discovery or the two months thereafter before the parties became locked in the summary judgment proceedings. Unfortunately, PIL was at the time represented by two small-firm practitioners, dwarfed by Ty's large-firm team, and was unable to do so.

While this may be true, it unequivocally reveals that PIL's failure was its own doing.

Along with the lack of justification, allowing the new trial witnesses to testify – with discovery now closed – would prejudice Ty. Two of the named witnesses are Ty's trial attorneys and have been from the onset of this case. Compelling them to testify against their own client would prejudice Ty at this late stage. Even accepting PIL's offer to not seek disqualification of the attorneys, forcing them to testify against their own client is against public policy, as explained by the Seventh Circuit:

> The roles of attorney and witness are usually incompatible. A witness is supposed to present the facts without a slant, while an attorney's job is to advocate a partisan view of the significance of the facts. One person trying to do both is apt to be a poor witness, a poor advocate, or both.

*Gusman v. Unisys Corp.*, 986 F.2d 1146, 1148 (7th Cir. 1993); *see also United States v. McCorkle*, No. 93 C 6528, 1994 WL 317702, at *3 (N.D. Ill. June 23, 1994) ("There is a strong policy against allowing lawyers to also act as witnesses."). While it may be true that documents involving the attorneys may be offered into evidence by PIL at trial, that is very different from forcing them to take the witness stand against their own client.

Regarding the remaining witnesses, Ty has not had the opportunity to depose them or otherwise develop evidence to contest their anticipated testimony. *See Scranton Gillette Communications, Inc. v. Dannhausen*, No. 96 C 8353, 1998 WL 566668 (N.D. Ill. Aug. 26,

6

1998) (precluding plaintiff from presenting trial witnesses not disclosed until the filing of the pretrial order because allowing them to testify would be unfair to defendants); *Boynton v. Monarch*, No. 92 C 140, 1994 WL 463905 (N.D. Ill. Aug. 25, 1994) (it would constitute unfair surprise to the defendant to admit the testimony of a witness plaintiff disclosed only in the pre-trial order – and not in supplemental answers to interrogatories – because defendant had no opportunity to depose the witness). Ty should not be put in the position of having to scramble to track down these individuals to see what they may say if called to testify, and then prepare rebuttal evidence or testimony, when it should be focusing its resources on preparing for trial. PIL claims that Ty can "hardly be prejudiced or surprised" because the identity of the witnesses was obtained from Ty's own document production.[2] However, merely because the names of these witnesses appeared, among hundreds of other names, somewhere in the thousands of pages of documents produced by Ty, does not mean that Ty should have anticipated that PIL would call these individuals as trial witnesses and deposed them accordingly. *See Boynton*, 1994 WL 463905 (plaintiff could not name trial witnesses who were not disclosed during discovery even if the witnesses' names appeared on documents produced by defense because the mere appearance of the names on documents produced did not give defendant sufficient knowledge of the witnesses' relevance to the case prior to the close of discovery, and allowing the witness to testify would constitute "unfair surprise" to the plaintiff); *United States v. 2016 N. 77th Court*, No. 91 C 7755, 1993 U.S. Dist. LEXIS 2523, at *14 (N.D. Ill. March 3, 1993) (recommending that court

---

[2] PIL additionally claims that with respect to new witness Ty Warner, it had specifically identified Warner as someone who it wanted to depose during discovery. While this may be true, the fact remains that the aforementioned deposition was never taken. More importantly, Ty Warner – just like the other new witnesses – was never identified, either initially or as a supplement before the close of discovery, in PIL's Interrogatory No. 8 or 9.

reject government's claim that it should be permitted to call certain witnesses at trial notwithstanding that it had not identified these witnesses in response to an interrogatory, because the government produced documents that revealed the "existence and knowledge of these persons; the mere production of documents did not satisfy the government's discovery obligations).

PIL also asserts that if there is any prejudice to Ty, it can be cured by Ty "pick[ing] up the phone" to see how these witnesses will testify because each of the new witnesses has some type of relationship with Ty. Apart from being pure speculation, such a remedy might well be of no value to Ty for purposes of impeachment at trial. More importantly, the assertion that each witness is somehow in Ty's control is simply not true. Although some of the named individuals may have, at one time, been employees of Ty's former licensees, the licenses between Ty and these licensees have since expired or been terminated, so there is no "relationship" between Ty and any of the non-trial counsel individuals. As a final assertion, PIL claims that any prejudice could also be cured by reopening discovery to allow Ty to depose the new witnesses. However, we are well past the discovery cutoff in this case, and I will not permit PIL to use the new witness designations as a backdoor method for reopening discovery. *See Great-West Life & Annuity Ins. Co. v. Weisz Michling Hofman, P.C.*, No. 01 C 2470, 2002 WL 1067707 (N.D. Ill. March 25, 2002) (denying defendants' motion to reopen discovery because defendants did not see fit to conduct requested discovery before close of discovery). Accordingly, I find that any prejudice to Ty cannot be cured or that if it can be cured, it can be done so only at great expense to Ty. Therefore, I deny PIL's motion seeking reconsideration of my decision to preclude it from naming the aforementioned fourteen witnesses.

Alternative Motion to Strike

In the event that I uphold my prior ruling striking PIL's amendments – which I do – PIL asks that I also strike the amended interrogatory responses recently served by Ty identifying its trial witnesses. As background, on March 7, 2000, PIL served its second interrogatories on Ty, including Interrogatory 15: "State the name, address and telephone number of each person Plaintiff intends to call as a witness at the trial of this case, and the subject matter of the testimony to be given by that individual." On March 17, 2000, when discovery was still ongoing, Ty responded that it "has not yet identified the witnesses it intends to call at trial." On September 16, 2003, Ty filed its Supplemental Response to PIL's Interrogatory No. 15 identifying six individuals whom it expected to call as trial witnesses. Ty claims that it did not disclose the identity of these witnesses until this date because it did not determine who it would call as trial witnesses until then.

PIL argues that for the same reasons for which I have struck its supplemental responses, I should also strike Ty's supplemental responses. However, there is a material difference between the six witnesses disclosed by Ty and the fourteen witnesses disclosed by PIL. All of Ty's witnesses were identified as persons with relevant knowledge, either by PIL or by Ty, and were deposed by the parties during discovery. In other words, there was no Rule 26 violation. PIL cannot reasonably claim that it did not know about the potential for these six individuals to be designated as witnesses. Therefore, PIL will suffer no harm or surprise as a result of Ty's supplementation. Rather, PIL's only viable claim is one of timing – that Ty has somehow acted in bad faith by never attempting to answer during discovery PIL's Interrogatory No. 15 seeking the identity of Ty's trial witnesses and by waiting seven months after the return of jurisdiction to

9

this Court before doing so. However, although there is no absolute prohibition on interrogatories seeking identification of trial witnesses, such information "is not typically divulged during the discovery stage of a trial." *Kedzior*, 1990 WL 70855, at *7. Instead, "the better and more widely adopted rule is that it is inappropriate to expect counsel to provide this information until the pretrial conference." *Id.* at *7. Accordingly, the timing of this disclosure is not an appropriate basis, by itself, to strike these witnesses.

Motion to Strike Plaintiff's Motion for Leave to Take Discovery Against Counsel for PIL

In the fall of 2003, Ty discovered that in approximately August of 2003, Judge Richard A. Posner – the author on appeal in this case concerning the issue of copyright fair use – wrote an unpublished article entitled "Fair Use and Statutory Reform in the Wake of Eldred," which was written with William F. Patry, counsel for PIL. Accordingly, Ty moved to take limited discovery against Patry concerning the drafting of the foregoing article and his dealings with Judge Posner. At the November 20, 2003 status hearing, I suggested that there were two areas appropriate for inquiry: (1) whether Patry made representations to others about the article or about the work he was doing with Judge Posner, except any representations he made to his own client; and (2) whether the article in any way, even in its draft forms, touched upon the precise issue which was raised in the appeal in this case. On December 2, Ty wrote to Patry requesting the aforementioned discovery along with additional information beyond the scope of what I found to be reasonable. Patry responded on December 16 by providing answers to the two areas suggested at the November 20 status and to some areas beyond the scope of those suggestions and by simultaneously moving to strike Ty's motion seeking discovery against Patry. As it prepared its opposition to PIL's motion to strike, Ty submitted another request seeking more information

10

beyond the scope of my November 20 suggestions. Patry responded on January 8, 2004 by noting his continued objection to this line of discovery but nonetheless providing some more information. In its January 16 opposition to the motion to strike, Ty requested that I require Patry to disclose two more categories of information: (1) whether he and Judge Posner are still collaborating on the Article and whether there is any plan for future collaboration between the two; and (2) correspondence between the two, whether in electronic or other form.

In response to the motion at hand, I find that Patry has now given more information than I said was reasonable on November 20. This is certainly enough information for Ty, if it should so choose, to file either a motion to recuse Judge Posner in the Seventh Circuit or a complaint under the Rules of the Judicial Council of the Seventh Circuit Governing Complaints of Judicial Misconduct or Disability. Accordingly, I see no reason for further inquiry.[3]

---

[3] This case demonstrates that lack of civility does not always occur from lawyers who fear they will come up short on the law. White moved for limited discovery relating to Patry's relationship with Judge Posner on the ground that "[s]uch information is relevant and may be essential in the event Ty later deems it necessary to file a motion in the Court of Appeals concerning Judge Posner's continued involvement in this case." Patry had the better argument on this issue but he ought to reconsider his rhetoric. In response, he wrote in part:
> ... The Court should summarily dismiss Plaintiff's frivolous, *ethically challenged motion*. ...
> ... Ty, although raising the gravest type of allegations that can be made against a judge, *cowardly does so* only by implication ... Like *Senator McCarthy's lists*, Ty will not say what they think the impropriety is ... [Ty] *lacks the courage and the ethical compass* to do so. Instead they are *misusing this Court in an unseemly effort to besmirch blameless reputations*.
> ... Since Ty *lacks the courage* to state what the alleged misconduct is, we are, of course, left to conjecture.
> ... I am *deeply disgusted* by the nature and manner of the accusations Ty's counsel infer (since they *lack the courage* of stating them). *It is a new low even for them*. ... Ty chose to file a *sneak attack* ... inferring the gravest violations of ethical canons. Such behavior simply cannot be countenanced.
> ... The motion should be denied summarily and PIL should be awarded all attorney's fees and costs in having to reply to *such a regrettable breach of procedure and common decency*, unsupported by any valid legal or factual basis.

For the reasons above, PIL's Motion for Reconsideration or, in the Alternative, to Strike and its Motion to Strike Plaintiff's Motion for Leave to Take Discovery Against Counsel for PIL are DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 9 February 2004

---

(emphasis added). The passages I have emphasized have no place in legal discourse. Patry should learn to hold his thunder until he is actually accused of some form of wrongdoing and, even then, ought to be far more careful. Insofar as he thought he was defending an excellent judge, it does no service to Judge Posner (who needed no defenders) to have a simple, neutral question in this court's record characterized as an accusation of the "gravest type."